No. 98–CO–1348 Michael L. NEWMAN, Appellant,

No. 98–CO–1456 Delonte B. Samuels, Appellant,

v.

UNITED STATES, Appellee.

No. F6639–93, F8662–93.

District of Columbia Court of Appeals.

May 7, 2003.

Before: WAGNER, Chief Judge; TERRY, STEADMAN, SCHWELB, *FARRELL, *RUIZ, REID, and GLICKMAN, and *WASHINGTON, Associate Judges.

## ORDER

PER CURIAM.

On consideration of appellee's petition for rehearing or rehearing en banc, and the opposition thereto, it is

ORDERED by the merits division * that the petition for rehearing is granted to the extent that the court's opinion in these appeals, reported at 810 A.2d 918 (D.C. 2002), is amended as follows:

1. The first full sentence in the second column of 810 A.2d at 920 ("Where, as here, the *Winfield* evidence...it must be admitted.") is deleted. The following sentence is substituted for the deleted sentence:

Because the court undervalued the relevance of Samuels' *Winfield* evidence, it

overstated the risks of jury confusion and a mini-trial that admission of the evidence would create, matters we have held can normally be dealt with by jury instructions, as well as limitations on the number of witnesses and the extent of their testimony bearing on the issue. *See Winfield,* 676 A.2d at 5.

2. The first sentence of the full paragraph in the second column of 810 A.2d at 923 ("The trial court also erred by ruling...from a trial-within-a-trial.") is deleted. The following sentence is substituted for the deleted sentence:

> The trial court's alternative ruling that the risk of jury confusion from a trial-within-a-trial outweighed the probative value of the proffered evidence also cannot be sustained.

3. The fifth sentence in the full paragraph in the second column of 810 A.2d at 923 is amended by deleting the phrase, "...it may not exclude otherwise admissible *Winfield* evidence based solely on a fear of jury confusion," and substituting the following phrase for the deleted language:

> ... evidence otherwise admissible under *Winfield* should not be excluded based on the fear of jury confusion unless its relevance is indeed "marginal," which is not so here for the reasons stated, and its probative value is "substantially outweighed" by a reasoned fear of jury confusion. *Johnson v. United States,* 683 A.2d 1087, 1100 (D.C.1996) (en banc).

4. The sixth sentence in the full paragraph in the second column of 810 A.2d at 923 ("The requirement that evidence...is sufficient to overcome the concern that the jury may be distracted from the issue of whether this defendant is guilty or not.") is deleted.

5. The full paragraph in the first column of 810 A.2d at 924, composed of two sentences ("On remand, the trial court's balancing of probative value...interest of the defense at stake. We therefore conclude...and reverse and remand for a new trial") is deleted. The following paragraph is substituted for the deleted paragraph:

> Because the trial court on remand undervalued the relevance of the proffered *Winfield* evidence, it accordingly overemphasized the risk of jury distraction and trial-within-a-trial that the evidence would create, matters *Winfield* held can normally be dealt with by 'limit[ations on] the number of witnesses and the extent of their testimony bearing upon the issue.' 676 A.2d at 5. For that reason, the court abused its discretion in excluding any evidence of the earlier robbery, and we must reverse and remand for a new trial.

It is FURTHER ORDERED that the petition for rehearing en banc is denied as moot, without prejudice to the filing of a petition for rehearing en banc directed to the changes in the opinion of the court as stated in this order.